IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RIVIERA FINANCE OF TEXAS, INC.

Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

Defendant

Case No. 02-737C

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Plaintiff, Riviera Finance of Texas, Inc. ("Riviera"), by and through undersigned counsel, and respectfully submits this Reply to Defendant's Response to Plaintiff's Cross-Motion for Summary Judgment.

## I. Riviera and Optical Fiber Were Not Obligated to Provide a Copy of the Assignment Instrument to the Contracting Officer Unless Specific Request Was Made.

Defendant argues that Riviera did not comply with the Anti-Assignment Act, and thus Riviera does not have a claim against Defendant. Specifically, Defendant bases its argument on the fact that an assignment instrument was not provided by Riviera and Optical Fiber. However, under UCC § 9-318(3), neither Riviera nor Optical Fiber had the obligation to provide such an assignment instrument unless a specific request was made from the contracting officer. UCC § 9-318(3) states:

> The account debtor is authorized to pay the assignor until the account debtor receives notification that the amount due or to become due has been assigned and that payment is to be made to the assignee. A notification which does not reasonably identify the rights assigned is ineffective. If requested by the account debtor, the assignee must seasonably furnish reasonable proof that the assignment has been made and unless he does so the account debtor may pay the assignor.

Neither the contracting officer nor any other representative of Defendant ever requested such an assignment instrument from either Riviera or Optical Fiber. Riviera complied with the requirements of the Uniform Commercial Code by providing Defendant with the Notice of the assignment. Defendant had ample opportunity to request the actual assignment instrument, but it was not the obligation of Riviera or Optical Fiber to submit the assignment instrument to Defendant in the absence of a specific request for such instrument. Thus, since Riviera complied with the requirement that notice of the assignment be given to Defendant, the Defendant was obligated to pay Riviera once it received such notice that the amount due to Optical Fiber had been assigned and that payment was thereafter to be made to Riviera.

Defendant also claims that Riviera hid or failed to communicate the nature of contract. However, this contention is not supported by any evidence, and this contention directly fails based on the language of UCC § 9-318(3) as stated above. The Notice provided a full description of the nature of the contract. All that is required under UCC § 9-318(3) is that the notice "reasonably identify the rights assigned." The nature of the contract was an agreement whereby Riviera was assigned the right to receive payment on the invoices which were previously due and owing to Optical Fiber. Such description was included in both the Notice of Assignment and the Confirmation of Payment that was sent to Defendant on February 17, 1999. Riviera did not hide the nature of the assignment from Defendant, and Riviera complied with the requirements of the UCC in notifying Defendant of the nature of the agreement between Riviera and Optical Fiber.

## II. The Contracting Officer Waived the Requirements of the Anti-Assignment Act.

On February 19, 1999, Defendant took affirmative action to recognize the assignment when Sylvia Garcia acknowledged receipt of the February 17, 1999 letter which first advised of the assignment of payment to Riviera. Defendant took further affirmative action to recognize the assignment when the Contract was amended to reflect Riviera as payee and signed by Michael Delcima, the contracting officer, on behalf of the United States of America on February 26, 1999. Such modification to the Contract was an assent to the assignment.

Furthermore, contrary to Defendant's assertion that the modification did not change the payee of the Contract, contained in Paragraph 14, Description of Amendment/Modification, is the following:

> The Remit to Address is changed to the following:
> RIVIERA FINANCE <~~OFNI FINANCE COMPANY~~>
> 3520 Piedmont Road NE
> Suite 100, Atlanta, GA 30305

Optical Fiber's name is crossed out, which means that the payee was changed. Furthermore, the address was changed from Optical Fiber's address in Hickory, North Carolina to Riviera's address in Atlanta. The fact that the payee's name and address were changed from that of Optical Fiber to the name and address of Riviera supports the proposition that the Defendant acknowledged the assignment to Riviera as the proper entity entitled to payment on the invoices. Michael Delcima signed the modification to the Contract that showed Riviera as payee, and thus the contracting officer did assent to the assignment and, by changing the payee and the payee's address, agreed to pay Riviera on future invoices. It was the sole responsibility of Defendant to adhere to the modification which they executed upon receipt of the Notice of Assignment. Thus, Defendant's modification of the payee established its intent to recognize the assignment and to recognize Riviera as the party entitled to receive payments on the invoices. Riviera could only be entitled to be named as payee and to receive such payments if the assignment was valid and

recognized by the party that was obligated to make payment on the invoices acquired through the assignment.

Furthermore, Defendant contends that "the modification did not change the payee of the contract...and the name of the contractor remained the same." The contractor is the Working Vendor, and Optical Fiber continued to be the Vendor. However, the Payee is not necessarily the same party as the Vendor. In this case, Optical Fiber, the Vendor, assigned its right to payment to Riviera, and thus Riviera became the new Payee. Whereas, before the assignment, Optical Fiber had been both the Vendor and Payee, the arrangement was changed after the assignment, to which Defendant modified the Contract to reflect a new payee which had a different name and address from the Vendor. Therefore, Defendant modified the identity of the payee while not changing the name of the Vendor. There was no requirement that the Payee and Vendor be the same entity, because Defendant was able to modify the Contract to show that a different entity was entitled to payment. Defendant was thus obligated to make payment to the new payee, Riviera, in satisfaction of the optical fiber cable received from Optical Fiber.

## III. The Signature of the Supply Technician Upon Riviera's Notification Letter Did Waive the Requirements of the Anti-Assignment Act.

Riviera does not have to rely on the signature of the supply technician to support its contention that the requirements of the Anti-Assignment Act were waived. The fact that the contracting officer, Michael Delcima, modified the Contract to reflect Riviera as the new payee is sufficient to waive the requirements of the Anti-Assignment Act. The court in Tuftco Corp. v. United States, 222 Ct. Cl. 277, 614 F.2d 740 (1980), was based on facts very similar to the facts of this particular case, and in that case the court found that the anti-assignment statute was waived and the government recognized the assignment so as to be liable for payments wrongfully made to assignor where the contracting officer had basic authority to waive, where he

was aware of, assented to and, in the totality of circumstances, recognized assignment. Likewise, the court in Norwest Bank Arizona, N.A. v. United States, 37 Fed. Cl. 605 (1997), held that the government waived any defects in the assignment of a contract from a subcontractor to a bank, and thus waived the requirements of the Anti-Assignment Act, when the government expressly agreed to pay the bank by modifying the contract and naming the bank as payee.

The signature of the supply technician, another government officer, only reinforces Riviera's position that the Defendant assented to the assignment on multiple occasions, as evidenced by the signature of two government officers on two separate documents which acknowledged and assented to the assignment between Optical Fiber and Riviera. The signature on the February 17, 1999 letter entitled Confirmation of Payment acknowledged the assignment and prompted the contracting officer to change the payee on the Contract, thus effecting the waiver of the requirements of the Anti-Assignment Act.

## IV. Defendant Further Demonstrated Its Assent to the Assignment by Making Payment on the Second Invoice to Riviera.

Defendant contends that the fact that it made payment to Riviera on July 1, 1999 does not prove that it waived the requirements of the Anti-Assignment Act on the date of payment of the first invoice. However, Defendant provides no support for its contention that assent to an assignment may only be proved upon making payment. To the contrary, UCC § 9-318(3) states that the assignment is recognized when the "account debtor receives notification that the amount due or to become due has been assigned and that payment is to be made to the assignee." It is at this point, when the account debtor takes affirmative action to recognize the assignment (such as by modifying the Contract), that the requirements of the Anti-Assignment Act are waived, not when the first or second payment is actually made. Defendant's accounting department made an internal error by making payment on the first invoice to Optical Fiber, but the waiver of the Anti-

Assignment Act occurred when Defendant took the affirmative step of modifying the Contract to recognize the assignment. Defendant clearly assented to the assignment by changing the payee to reflect that Riviera was entitled to payment, and thus it was at that moment that such assent was manifested by the modification of the Contract that the requirements of the Anti-Assignment Act were waived. Thus, Riviera is entitled to the payment of the monies that were paid to Optical Fiber in error after the assignment occurred.

**V. The Court Has Jurisdiction to Find that Riviera is Entitled to Quantum Meruit Damages.**

The effect of the assignment between Riviera and Optical Fiber was that Riviera became the owner of the invoices under which Optical Fiber was formerly entitled to payment. Since the invoices no longer were property of Optical Fiber, Optical Fiber was no longer entitled to payment on such invoices. Defendant had notice that the invoices were transferred to Riviera, and thus the Defendant had an obligation to pay the rightfully entitled owner of the property.

## CONCLUSION

For the reasons stated herein and in Plaintiff's Brief and Response to Defendant's Motion for Summary Judgment, Defendant's Motion for Summary Judgment should be denied and Plaintiff's Cross-Motion for Summary Judgment should be granted.

This 17th day of July, 2003.

**POYNER & SPRUILL LLP**

S. Andrew Jurs
N.C. State Bar No. 21345
Deborah M. Tyson
N.C. State Bar No. 28134
301 South College Street, Suite 2300
Charlotte, North Carolina 28202
(704) 342-5250

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing *Plaintiff's Reply to Defendant's Response Brief* by depositing a copy thereof in an envelope bearing sufficient postage in the United States mail, addressed to the following person at the following address which is the last address known to me:

Thomas B. Fatouros
Commercial Litigation Branch, Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005

This the 17th day of July, 2003.

S. Andrew Jurs
301 S. College Street, Suite 2300
Charlotte, North Carolina 28202
Telephone: (704) 342-5301
Fax: (704) 342-5264
e-mail: sajurs@poynerspruill.com